UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-60916-CIV-COOKE/BROWN

VLADIMIR B. TRUSSIN,

    Plaintiff,

vs.

IMAGINE, L.L.C.

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR PRE-JUDGMENT INTEREST

**This matter** is before this Court on Plaintiff's Amended Motion for Pre-Judgement Interest. This Court has considered the motion, Defendant's response, Plaintiff's reply and all pertinent materials in the file.

### BACKGROUND

On November 23, 2005, this Court entered judgment in favor of Plaintiff, VLADIMIR B. TRUSSIN, and against Defendant, IMAGINE, L.L.C.. The judgment awarded to Plaintiff equaled the amount of $552,967.74 plus post-judgment interest at a rate of 4.3% (four point three percent). The jury also found Plaintiff comparatively negligent for 30% (thirty percent) of the damages. On, February 27, 2006, the Court entered an order remitting the jury award and Plaintiff accepted the award on March 28, 2006. Plaintiff then moved the court for an order awarding pre-judgment interest in the amount of $21,850.35.

## DISCUSSION

Plaintiff contends that pre-judgment interest should be awarded because "it is the general rule in this circuit to award pre-judgment interest in admiralty cases." <u>Sunderland Marine Mutual Ins. Co., Ltd. v. Weeks Marine Constr. Co.</u>, 338 F.3d 1276, 1280 (11th Cir. 2003). Plaintiff concedes that the Court has the discretion to deny pre-judgment interest "when there are 'peculiar circumstances' that would make it inequitable for the losing party to be forced to pay prejudgment interest." <u>Parker Towing Co. v. Yazoo River Towing, Inc.</u>, 794 F.2d 591 (11th Cir. 1986). Plaintiff further asserts because this case presents no "peculiar circumstances" that would allow for the denial of the motion on awarding pre-judgment interest, the motion should be granted.

Defendant agrees that pre-judgment interest is normally awarded under maritime law. However, Defendant contends that the facts of this case arise under one of the "peculiar circumstances", as outlined in <u>Parker</u>, that would allow the Court to sway from this long standing rule. 794 F.2d at 594. Defendant is correct in that <u>Parker</u> does outline the "peculiar circumstances" in which pre-judgment interest can be denied: (1) "plaintiff's delay in bringing suit"; (2) "the existence of a genuine dispute regarding ultimate liability of complexity of the factual and legal issues to be resolved"; (3) "judgment in an amount substantially less than that claimed." Defendant's main assertion is that Plaintiff should not be awarded pre-judgment interest because "there is an existence of a genuine dispute regarding the ultimate liability". <u>Id.</u> at 594. However in, <u>City of Milwaukee v. Cement Div. Nat'l Gypsum Co.</u>, 515 U.S. 189 (1995), the Supreme Court rejects the logic in <u>Parker</u> on the ground that (1) "[t]hroughout our history, admiralty decrees have included provisions for pre-judgment interest", and (2) "the award of pre-judgment interest is intended to make the party whole and allowing a denial of pre-judgment interest on the rule based on mutual fault would seem to

penalize a party twice for the same mistake". Id. at 194, 199. The Supreme Court further held in City of Milwaukee, that neither of the two "peculiar circumstances" justifies a denial of prejudgment interest in an admiralty collision case. Id. at 199. Under the rules outlined in City of Milwaukee, the apportioned fault is not a "peculiar circumstance" that will deny an award of pre-judgment interest to Plaintiff. Defendant also cites to Florida cases. Florida cases are not applicable in cases arising under Federal question jurisdiction. Royster v. Union Carbide Corp., 737 F.2d 941 (11th Cir. 1984).

The rate of pre-judgment interest that should be awarded is the average prime rate during the relevant period, unless the rate is statutorily defined. Sunderland Marine Mutual Ins. Co., Ltd v. Weeks Marine Constr. Co., 338 F. 3d 1276 (11th Cir. 2003).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that said motion is hereby **GRANTED** and Plaintiff shall be awarded the average prime rate during the period of injury (October 8, 2002-December 15, 2005) which is 4.85% (four point eighty five percent).

**DONE AND ORDERED** this 16th day of January, 2007, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE